Argued February 3, affirmed February 16, 1966

# KITTLESON *v.* TENNANT AGENCY, INC. ET AL

411 P. 2d 94

*Laurence L. Morley,* Lebanon, argued the cause for appellant. On the brief were Morley, Thomas, Orona & Kingsley, Lebanon.

*Cecil Quesseth,* Salem, argued the cause and filed the brief for respondent.

Before McALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and SCHWAB, Justices.

HOLMAN, J.

Plaintiff brought a suit to obtain a judgment on a $10,000 note and to foreclose a real property mortgage which secured it. The note and mortgage were purportedly executed by the defendant, Tennant Agency, Inc., a California corporation, which will hereafter be referred to as "defendant" or "the corporation." The other defendants are not material to this appeal. Defendant answered with a general denial. It appealed from a decree granting plaintiff judgment in the full amount requested and foreclosing the mortgage.

Defendant claims its president and secretary, who executed the note and mortgage, were not empowered to do so by its board of directors. However, if the note and mortgage are held to be the valid instru-

ments of defendant, it further contends the mortgage is security to the extent of $5,200 only because the remaining $4,800 was advanced for stock in the corporation and was not a security transaction.

■ Defendant was incorporated for the purpose of taking over and developing an old logging town at Tennant, California. This was a promotion of one Lessinger who was president of the corporation during the period in question. In September of 1963 he obtained $4,800 from plaintiff, a retired business woman, for the purchase by her of stock in the corporation. The evidence is in dispute as to whether this stock was to be issued by the corporation or obtained from another stockholder. The trial court believed it was meant to be obtained directly from the corporation though no stock subscription agreement was signed by plaintiff. We agree the record supports that conclusion. No stock was ever issued to plaintiff by the corporation or procured for her from any other source. Plaintiff's money was deposited in the bank account of the corporation.

In December of 1963 Lessinger again approached plaintiff and obtained from her an additional $5,200. His testimony concerning this transaction was as follows:

"A Along in the fore part of December I discussed it with her to the extent that there was no stock issue. The corporation was not functioning properly in the form of its directors, coordinating, that evidently there would be no further stock issue and asked if she would like to advance further moneys and take a mortgage on one of our properties. We discussed the various properties she might mortgage and she selected the Jefferson Building.

"Q Did you thereafter enter into the mortgage that has been entered into evidence?

"A Yes.

"\* \* \* \* \*

"Q All right. What was your negotiations, or whatever you want to call it, with her prior to the time she gave you the $5200, what was your conversation?

"A Prior to the 5200?

"Q Yes.

"A I merely told her that the corporation directors were at odds and ends with each other, that a direct issue would have to be approved by them. I could not get them to attend the meeting and that Vernon Deming had contacted Mrs. Whitehall to attempt to get part of her stock and Mrs. Whitehall refused to acknowledge his letters in any way, shape or form. Therefore, I thought in order to secure her, that she should take a mortgage on property and she volunteered to go more money and add it to the 48 at my request."

This money was also deposited in the defendant corporation's bank account.

Lessinger testified that the board of directors had authorized him and the secretary to obtain financing from plaintiff and to give as security therefor any property owned by the corporation in Oregon. Doubt was cast upon this testimony because no satisfactory minutes of any board meeting were ever produced. He also admitted he never had any direct written authority of the directors to include the $4,800 in the mortgage. He testified as follows:

"Q Was there anything that was submitted to the members of the corporation to the effect that the transaction with her was to be cancelled?

"A Orally only, no records or minutes.

"Q Then you never got any resolution or authority of the directors to substitute this particular item to a mortgage?

"A Never had anything done."

The note and mortgage were given to plaintiff in December of 1963. In January of 1964 Lessinger was removed as president of the corporation but remained on the board of directors. This suit was commenced in February of 1965 and prior thereto no legal proceedings had been instituted by the defendant corporation to disavow its note and mortgage to plaintiff or to reimburse her for any funds advanced to it. Defendant does not contend plaintiff's funds were used for other than corporate purposes.

■■ The original authority of the corporation officers to obligate the corporation is in doubt. However, it is now immaterial. The corporation has ratified the action of its officers by (1) the use of the $5,200 for corporate purposes, (2) failure to offer to reimburse plaintiff in this sum, and (3) failure to bring any legal proceedings to nullify the transaction. More than a year elapsed after the removal of Lessinger as the guiding hand of the organization before plaintiff instituted the present proceeding. During this time the note, given for one year, matured. The evidence indicates the corporate officers were aware of the transaction. When a corporation, with full knowledge of the facts, accepts and retains the benefits of an unauthorized contract, it will be bound thereby. *Phillips v. Colfax Co.*, 195 Or 285, 295-296, 243 P2d 276, 245 P2d 898 (1952), and other authorities therein cited.

■ Defendant most strenuously objects to the inclusion of the $4,800 originally given for stock. Defendant contends that as to this amount plaintiff is merely

a stock subscriber and that Lessinger had no authority to cancel the stock subscription. Therefore, it says, plaintiff is entitled to no security. The defendant's contention is not valid. It is apparent from Lessinger's testimony that plaintiff loaned $5,200 to the corporation upon the condition that she receive a note and mortgage covering not only the sum she was then advancing but also the $4,800 she had previously paid to the defendant for stock she had never received. There was, therefore, adequate consideration to include the $4,800 in the note and mortgage; and the transaction was subsequently ratified by the corporation. The present situation is therefore distinguishable from that existing in the case of *Doyle v. Chladek*, 240 Or 598, 401 P2d 18, 403 P2d 381 (1965), upon which defendant depends.

The decree of the trial court is affirmed.