Argued December 4, affirmed December 23, 1970

CITIZENS VALLEY BANK, *Respondent, v.*
MANDRONES MINING CO., INC.,
*Appellant.*
478 P2d 409

R. W. *PicKell,* Salem, argued the cause and filed the briefs for appellant.

*James H. Jordan,* Albany, argued the cause for respondent. With him on the brief were Weatherford, Thompson, Horton & Jordan, Albany.

Before O'CONNELL, Chief Justice, and DENECKE, TONGUE and BRYSON, Justices.

TONGUE, J.

This is an action on a promissory note. The complaint was filed by plaintiff (the "Bank") as assignee of a demand note for $20,000, and named as defendants both the original maker of the note, Mandrones Mining Co., Inc. (the "Company") and also the original payees of the note ("Brown and Associates"), as assignors of the note to the Bank. Defendant Company appeals from an adverse verdict and judgment.

The principal assignment of error by defendant Company is that the trial court erred in overruling its demurrer to the complaint upon the ground that the complaint failed to state facts sufficient to constitute a cause of action against the Company because of af-

firmative allegations which defendant claims to constitute a defense. Four other assignments of error relate primarily to instructions to the jury.

The complaint alleged two causes of action. The first cause of action alleged that Brown and Associates loaned $20,500 to the Company in exchange for a demand note, with interest payable semi-annually; that Brown and Associates assigned the note to the Bank; that no interest payments were made when due; that demand was made for payment of the note and that $20,000, plus interest, was due and payable.

The second cause of action re-alleged the same facts and also alleged that in response to demand for payment *the Company attorney stated* that the Company refused to pay the note because it had received no consideration for it and because the persons who executed the note had not been authorized to do so. The prayer of the complaint was for judgment against the Company or, in the alternative, against Brown and Associates "in the event that defendant Mandrones Mining Co., Inc. be determined not liable."

■ In assigning as error the overruling of its demurrer, defendant Company first contends that the two causes of action are repugnant; that the complaint must be "construed as an entirety"; and that if a plaintiff, in addition to alleging facts constituting a cause of action, also alleges other facts "which are a defense to the cause of action stated, he must allege facts avoiding the defense, else his pleading nullifies itself." Thus, the Company contends that the complaint, in its second cause of action, alleged that there was no consideration for the note or authority for its execution; that lack of consideration or of authority for execution is a defense to the complaint in the absence of an allega-

tion of facts avoiding such a defense, and that the second cause of action is also repugnant to the first cause of action.

From a reading of the complaint, however, it is clear that this entire contention rests upon the false assumption that the second cause of action alleged, *as facts*, that there was no consideration or authorization for the note. On the contrary, the complaint alleged only that the attorney for the Company "has *stated* to plaintiff's attorneys" that such were the facts. Thus, there was no admission of any such facts, even assuming that such facts, if true, would have provided a defense against the Bank, as an assignee. For the same reason, there was no "repugnancy." Thus, the rules relied upon by defendant have no application to the complaint in this case.

A further question might have been raised whether plaintiff was entitled to join these two causes of action in the same complaint so as to make it possible to bring in the original payees and assignors of the note as defendants in the same action and so as to request relief, in the alternative, for judgment against them in the event that the Company be held not liable as the original maker of the note. Since, however, defendant's demurrer was based solely upon the failure of the complaint to state facts sufficient to constitute a cause of action against the defendant Company, and since no such contention was made on behalf of the remaining defendants, it is neither necessary nor appropriate to decide that question in this case.

Defendant's second assignment of error contends that it was improper to instruct the jury that the signing of an instrument for a corporation by persons not authorized to do so may be ratified either "by its con-

duct or by its officers' statements to that effect"; that by accepting and retaining the benefits of an unauthorized note, with full knowledge of the facts, a corporation would be bound by the note; and that if money was paid by Brown and Associates to the Company and was "used for the benefit" of the Company "then and in such event the use of such monies worked a ratification."

In support of this assignment of error defendant contends that ratification was not pleaded and proved; that "ratification would have to be by the Board of Directors or the stockholders"; that the plaintiff should not be allowed to impeach the corporation minutes and financial records, which show no such ratification and no such loan; and that there was no evidence of a full disclosure of the facts to the board of directors and, in particular, to Mr. Mandrones.

■ At the time of trial, however, the only exceptions taken to these instructions were that they were not correct statements of the law. Upon examining the complete instruction given on the subject of ratification we find it to be a correct statement of the law on this subject as stated in *Phillips v. Colfax Company, Inc.*, 195 Or 285, 296, 243 P2d 276 (1952), and in *Kittleson v. Tennant Agency, Inc.*, 242 Or 610, 614, 411 P2d 94 (1966).

■ Upon reading the entire record we also find that there was ample evidence from which the jury could have very properly found that Brown and Associates loaned over $20,000 to the corporation; that money loaned to the corporation by Brown and Associates was used by the corporation for its benefit; that the subsequent note by the corporation to Brown

and Associates was approved and ratified, with full knowledge of the facts, by the directors of the corporation, including Mr. Mandrones; that the directors were properly elected at a stockholders meeting on August 1, 1966; that the persons who executed both the note and the assignment were properly elected as president, vice president and secretary of the corporation at a director's meeting on the same date; that although no minutes were available for that meeting of stockholders and directors, the absence of such minutes was adequately explained and that the promissory note "was discussed many times" and "was common knowledge among all the board members."

■ Defendant also assigns as error the failure to instruct the jury that if Brown and Associates did not pay $20,000 to the Company in exchange for the note there would have been a failure of consideration. However, under ORS 73.4080 want of consideration is not a defense to an action on a note given as security for an antecedent obligation, of which there was overwhelming evidence in this case.

We have also carefully examined defendant's remaining assignments of error and find them to be without merit.

Affirmed.